**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Mason, | No. CV-23-00245-TUC-RCC (BGM) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| United States of America, et al., | |
| Respondents. | |

On July 21, 2023, Petitioner Steven Maurice Mason, who is currently incarcerated with the Federal Bureau of Prisons (BOP) and housed at the United States Penitentiary in Tucson, Arizona (USP-Tucson), filed a First Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. (Doc. 5.) Mason raises one ground for relief in his petition, reiterating that attempted Hobbs Act robbery no longer qualifies as a predicate crime of violence under the elements clause of the Armed Career Criminal Act (A.C.C.A.), 18 U.S.C. § 924(c)(3)(A), and requesting that his 120-month sentence for discharge of a firearm in furtherance of a crime of violence be vacated. (Docs. 5 at 9; 5-1 at 1-5.) Mason's petition has been fully briefed[1] and was referred to Magistrate Judge Bruce G. Macdonald for a report and recommendation. (Doc. 8 at 4.) The Magistrate Judge recommends that the District Court, after its independent review, deny the petition and dismiss this case.

---
[1] *See* (Docs. 15, 16.)

**BACKGROUND AND PROCEDURAL HISTORY**

<u>Mason Pleads Guilty to Seven Federal Felonies</u>[2]

On April 17, 2006, Steven Mason pleaded guilty to four counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; two counts of attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2; and one count of discharge of a firearm in furtherance of a crime of violence,[3] in violation of 18 U.S.C. § 924(c)(1)(A)(iii), for a string of robberies and attempted robberies in the summer of 2005. (ECF 1 at 4.[4]) On April 20, 2006, judgment was entered against Mason. (*Id*. at 3.) Mason was sentenced to concurrent 210-month terms of imprisonment for each count of Hobbs Act robbery and attempted Hobbs Act robbery. (*Id*. at 2.) Mason was also sentenced to 120 months' imprisonment, to be served consecutively to his concurrent sentences, for the firearms offense. (*Id*.) Mason's aggregate term of imprisonment is 330 months. (*Id*. at 3.) Mason did not appeal his conviction or sentence. (*Id*. at 3-4.)

On February 8, 2007, Mason filed a Rule 35(b) motion to modify and reduce sentence, which was denied. (*Id*. at 4.)

<u>Mason's First Motion for Post-Conviction Relief Under § 2255</u>[5]

On June 7, 2007, Mason filed his first motion for post-conviction relief under 28 U.S.C. § 2255, asserting that he was subject to ineffective assistance of trial counsel because his attorney: (i) coerced him into pleading guilty; (ii) failed to conduct a preliminary investigation; and (iii) failed to move to dismiss the charges against him. (ECF 1-1 at 1-15.) Mason also raised an additional ground, asserting that the federal government lacked jurisdiction to prosecute him for crimes that occurred within the state of Indiana. (*Id.* at 16.) Mason's motion was denied, in part, because his voluntary plea agreement limited his ability to collaterally attack his sentence under § 2255. (ECF 31 at 2.)

---

[2] *See* USA v. Mason, 06-cr-003-JMS-MG-1 (S.D. Ind. 2006).
[3] The discharge of a firearm in furtherance of a crime of violence count relates to the discharge of a firearm during an attempted Village Pantry armed robbery on June 23, 2005. *See* Mason v. USA, 07-cv-724-DFH-DML, ECF 19-1 at 5 (S.D. Ind. 2007).
[4] *See also id.* at 1-8.
[5] *See generally* Mason v. USA, 07-cv-724-DFH-DML (S.D. Ind. 2007).

<u>Mason's First Application for Leave to File a Successive § 2255 Motion</u>[6]

On July 8, 2016, Mason filed his first application for leave to file a successive § 2255 motion with the United States District Court for the Southern District of Indiana arguing that the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2251 (2015), invalidated his sentence because *Johnson* held that the residual clause of the A.C.C.A. is unconstitutionally vague. (ECF 1 at 1-9.) The district court transferred Mason's application to the United States Court of Appeals for the Seventh Circuit. (ECF 2.) The Seventh Circuit denied the application ruling that Mason discharged a gun during a robbery and that robbery has as an element the use or threatened use of force under 18 U.S.C. § 1951(b)(1), and that it qualifies as a crime of violence under the elements clause of the A.C.C.A. (*See* Mason v. USA, 16-2920, ECF 3 (7th Cir. 2016).)

<u>Mason's Second Application for Leave to File a Successive § 2255 Motion</u>[7]

On October 22, 2019, Mason filed his second application for leave to file a successive § 2255 motion with the Seventh Circuit arguing that the Supreme Court's ruling in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated his sentence because *Davis* confirmed that the A.C.C.A.'s residual clause is unconstitutionally vague. (ECF 1 at 1-6.) On November 20, 2019, the Seventh Circuit denied the application ruling that *Davis* had no bearing on Mason's A.C.C.A. conviction because his predicate offense, attempted Hobbs Act robbery, constituted a crime of violence under the elements clause of the Act. (ECF 2 at 2.)

<u>Mason's Third Application for Leave to File a Successive § 2255 Motion</u>[8]

On May 12, 2023, Mason filed his third application for leave to file a successive § 2255 motion with the Seventh Circuit arguing that the Supreme Court's ruling in *United States v. Taylor*, 142 S. Ct. 2015 (2022), invalidated his sentence because *Taylor* ruled that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under the elements clause of the A.C.C.A. (ECF 1 at 1-3.) On June 5, 2023, the Seventh Circuit

---

[6] *See* Mason v. USA, 16-cv-1834-JMS-MPB (S.D. Ind. 2016).
[7] *See* Mason v. USA, 19-3078 (7th Cir. 2019).
[8] *See* Mason v. USA, 23-1909 (7th Cir. 2023.)

denied the application ruling that successive motions under 28 U.S.C. § 2255 are limited by 28 U.S.C. § 2255(h). (ECF 2 at 2.) To proceed with a successive § 2255 motion, § 2255(h) requires that the applicant identify: (i) new evidence of innocence, *id.* § 2255(h)(1); or (ii) a new and retroactive rule of constitutional law, *id.* § 2255(h)(2). (*Id.*) The court ruled that Mason failed § 2255(h)'s gatekeeping limitation because *Taylor* is not a new and retroactive rule of constitutional law; rather, *Taylor* is based upon a changed interpretation of statutory language. (*Id.*)

## LEGAL STANDARD

Since 1948, Congress has provided that federal prisoners who collaterally attack their sentence ordinarily must proceed by a § 2255 motion in the sentencing court, rather than by a § 2241 petition in the custodial court. *Jones v. Hendrix*, 599 U.S. 465, 469 (2023). "To that end, § 2255(e) bars a federal prisoner from proceeding under § 2241 "unless … the [§ 2255] remedy by motion is inadequate or ineffective to test the legality of his detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)). Additionally, "since the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), second or successive § 2255 motions are barred unless they rely on either 'newly discovered evidence,' § 2255(h)(1), or 'a new rule of constitutional law,' § 2255(h)(2)." *Id.* The AEDPA limitations imposed by § 2255(h) cannot make the § 2255 remedy "inadequate or ineffective to test the legality of a prisoner's detention." *Id.* at 470. Therefore, "[a] federal prisoner may not … file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved. *Id.* at 469-70. Nor can he manipulate the saving clause to bring a successive collateral attack on his conviction based on an intervening decision of statutory interpretation under § 2241. *Id.* at 471.

## DISCUSSION

Mason files the § 2241 petition at hand asserting that the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022), invalidates his 120-month sentence because attempted Hobbs Act robbery can no longer constitute a "crime of violence" under

the elements clause of the A.C.C.A., 18 U.S.C. § 924(c)(3)(A).  (Doc. 5-1 at 1.)  Mason surmises that he can bring his claim under § 2241 via the saving clause (§ 2255(e)) because his remedy by § 2255 motion is inadequate and ineffective to challenge his illegal detention.  (*Id*.)  Furthermore, in an attempt to manipulate a successive collateral attack on his sentence through § 2255(e), Mason asserts that he is actually innocent of his 924(c) sentence and that he has never had an unobstructed shot at presenting his claim.  (*Id*. at 1, 3-4.)  In response, the Government declares that the Court lacks subject matter jurisdiction over Mason's petition in light of the Supreme Court's ruling in *Jones*, 599 U.S. at 465, and that the Court should deny the petition and dismiss this case.  (Doc. 15.)  The Court agrees with the Government and recommends that Mason's § 2241 petition be denied and this case dismissed for lack of subject matter jurisdiction.

**I.      Habeas Relief Unavailable Under 28 U.S.C. § 2255**

There are two potential statutory avenues available to federal prisoners seeking habeas corpus relief: 28 U.S.C. § 2255 and 28 U.S.C. § 2241.  *Jones*, 599 U.S. at 469.  A federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241.  *Id.*  However, a federal prisoner may not "file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory law adopted after his conviction became final and his initial § 2255 motion was resolved."  *Id.* at 469-70.

Mason cannot obtain habeas relief via § 2255 because the decision upon which he relies, *Taylor*, 596 U.S. 845, is a statutory interpretation decision that fails to surpass § 2255(h)'s constraints.  *See* Mason v. USA, 23-1909, ECF 2 at 2 (7th Cir. 2023); *cf. Hogsett v. Lillard*, 72 F.4th 819, 821 (7th Cir. 2023) (ruling that § 2255(h) bars a petitioner from filing a successive § 2255 motion using a statutory interpretation decision).  Mason is aware that his current claim is foreclosed by § 2255 because the Seventh Circuit used similar language to deny a nearly identical request to file a successive § 2255 motion.  *Id.*  To the extent that Mason's § 2241 petition serves as a successive motion to collaterally attack his conviction, it should be denied for lack of subject matter jurisdiction.

**II.     Habeas Relief Unavailable Under 28 U.S.C. § 2241**

Just as habeas relief is unavailable to Mason under § 2255, the same holds true under § 2241. A federal prisoner may bring a habeas petition under § 2241 only if the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). In this circuit, prior to the issuance of *Jones*, Mason may have been able to successfully argue that § 2255(h)'s restrictions made § 2255 "inadequate or ineffective," such that he could proceed with his claim that an intervening change in statutory interpretation, e.g., *Taylor*, rendered him factually innocent of discharging a firearm in furtherance of a crime of violence. *See, e.g., Allen v. Ives*, 950 F.3d 1184, 1190 (9th Cir. 2020) (ruling that a petitioner may raise a claim of actual innocence by demonstrating that an intervening change in the law rendered him factually innocent of a predicate crime). However, as the Government aptly notes, *Jones* eviscerated this practice. *See Jones*, 599 U.S. at 480 ("The inability of a prisoner with a statutory claim to satisfy [§ 2255(h)'s] conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case."). Accordingly, § 2241 is not an available avenue to Mason, either. His request for habeas relief should be denied and his petition dismissed.

**III.    *Jones* Clarifies Statutory Guidelines**

Despite the unequivocal clarification of statutory guidelines in *Jones*, Mason argues that since he filed his petition twenty-one days before *Jones* was decided, the new rule of criminal procedure that *Jones* promulgates does not apply to civil habeas proceedings. (Doc. 16 at 1.) Mason's argument is inaccurate and unavailing. In *Edwards v. Vannoy*, 593 U.S. 255 (2021), the Supreme Court reiterated that "a decision announcing a new rule of criminal procedure ordinarily does not apply retroactively on federal collateral review." *Id*. at 258. *Jones* did not announce a new rule of criminal procedure based upon constitutional principles. *See Teague v. Lane*, 489 U.S. 288, 309 (1989) (emphasis added) ("Application of *constitutional rules* not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our

criminal justice system." Rather, *Jones* clarified statutory guidelines that have been in place for decades. Accordingly, Mason's argument that *Jones* elucidates a new rule of criminal procedure that cannot be retroactively applied should be denied.

## RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court issue an order DENYING Mason's First Amended Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus By a Person in Federal Custody, (Doc. 5), and DISMISSING with prejudice this case. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen (14) days of being served with a copy of this Report and Recommendation, and a party may respond to another party's objections within fourteen (14) days after being served with a copy. No replies shall be filed unless leave is granted by the District Court. If objections are filed, the parties should use the following case number: **CV-23-245-TUC-RCC**. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

Dated this 20th day of May, 2024.

Honorable Bruce G. Macdonald
United States Magistrate Judge